IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Kenneth C. McCOOL, Attorney at
Law.

Supreme Court

*No. 91–1855–D. Decided December 17, 1991.*

(Also reported in 477 N.W.2d 631.)

PER CURIAM.  *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the report and recommendation of the
referee that the license of Attorney Kenneth C. McCool
to practice law in Wisconsin be suspended for six
months as discipline for professional misconduct. That
misconduct consisted of Attorney McCool's having
abandoned a client during the pendency of federal crimi-
nal proceedings. We determine that the recommended

six-month license suspension is appropriate discipline for Attorney McCool's misconduct.

Attorney McCool was licensed to practice law in Wisconsin in 1973 and practices in Milwaukee county. His license was suspended administratively in May, 1990 for failure to comply with continuing legal education requirements. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney John R. Decker.

Although he admitted service of the complaint of the Board of Attorneys Professional Responsibility (Board), Attorney McCool did not file an answer to the complaint or otherwise appear in this proceeding. Consequently, the referee's findings, conclusions and recommendation issued by default. Based on the uncontroverted allegations of the Board's complaint, the referee made the following findings of fact.

A client Attorney McCool was representing was convicted in federal court on March 24, 1990 of one count of mail fraud and four counts of making false statements to the federal government. Sentencing was scheduled for May 14, 1990. In mid-April, Attorney McCool told his client he was considering moving from the Milwaukee area but gave no specific details. Thereafter, the client was unable to contact Attorney McCool. Five days before the scheduled sentencing, the client retained new counsel, even though Attorney McCool had not moved for permission to withdraw as counsel in the matter.

The client and his successor counsel made repeated unsuccessful attempts to contact Attorney McCool and the successor counsel found it necessary to file for a continuance of the sentencing date. Successor counsel also needed information from Attorney McCool's file in the client's matter but was unsuccessful in contacting

him to get it. At some time thereafter, Attorney McCool telephoned his former client, once from Mississippi and once from Louisiana, asking what action had been taken by the federal court following his departure in the middle of his client's case. He did not, however, give the client any information where he was or how he could be contacted. Prior to sentencing, the client learned of Attorney McCool's whereabouts and his new counsel was able to speak with him prior to sentencing.

On the basis of these facts, the referee concluded that Attorney McCool's failure to give reasonable notice to his client of the termination of his representation, his failure to turn his file over to the client and his failure to inform his client or successor counsel of his whereabouts constitute a failure to take steps to the extent reasonably practicable to protect a client's interests, in violation of SCR 20:1.16(d).[1] As discipline for that misconduct, the referee recommended that Attorney McCool's license to practice law be suspended for six months.

We adopt the referee's findings of fact and conclusions of law and agree that Attorney McCool's misconduct warrants a six-month license suspension. By his conduct toward his client at an important stage of a criminal proceeding in which the client's liberty was at stake, Attorney McCool violated his fundamental duty to represent the interests of the person whom he had

---

[1]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

undertaken to represent. Attorney McCool's abandonment of his client was extremely serious and warrants severe discipline.

IT IS ORDERED that the license of Kenneth C. McCool to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kenneth C. McCool pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kenneth C. McCool to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Kenneth C. McCool comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.